**Jeanne H. BERSON et al., Plaintiffs,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Defendants-Third-Party Plaintiffs-Appellees,**

v.

**ROYAL GLOBE INSURANCE CO. (Globe Indemnity Company) et al., Third-Party Defendants-Appellants.**

No. 73–1282

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 20, 1973.

Rehearing Denied May 21, 1973.

Robert N. Ryan, New Orleans, La., for Royal Globe Ins. Co. & Walker.

W. P. Macmurdo, Baton Rouge, La., Arthur B. Haack, Baton Rouge, La., for Walker.

Robert E. Leake, Jr., New Orleans La., for Gov't Employees Ins. Co. and others.

Russ M. Herman, New Orleans, La., for Berson.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

The present case is an action for contribution brought by Government Employees Insurance Company (GEICO) against Royal Globe Insurance Company.

The suit arose from vehicular collision in New Orleans in which GEICO's insured, a Mrs. Keenan, struck a vehicle driven by a Mr. Lloyd Walker. The Walker automobile was insured by Royal Globe.

On the day of trial GEICO settled the personal injury claims arising from the accident. The case proceeded to trial on GEICO's third party complaint for contribution.

The jury found both drivers guilty of negligence which proximately caused the subject accident. The trial judge rendered judgment enforcing contribution.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Royal Globe urges three grounds for reversal. It is first contended that the trial court erred in not directing a verdict in its favor, and secondly in failing to enter judgment notwithstanding the verdict in its behalf. Specifically, Royal Globe alleges that there was no evidence to indicate that its insured, Mr. Walker, was guilty of any negligence and, therefore, the question should not have been submitted to the jury.

Guided by the standard of Boeing v. Shipman, 411 F.2d 365 (5th Cir., 1969), the trial court properly denied the motions. A substantial issue regarding Walker's negligence had been raised by the evidence and was properly submitted to and decided by the jury.

Appellants' remaining contentions relate to alleged errors in the court's instructions to the jury. After careful consideration, we find appellants' claims to be without merit.

The judgment of the district court is affirmed.